IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | C/A No. 3:11-2609-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| $45,003.66 in Funds Seized From Bank ) | |
| Account X333, in the Name of Ramdev, ) | |
| LLC., d/b/a Sai Mart, with South Carolina ) | |
| Bank and Trust, ) | |
| ) | |
| Defendant *In Rem*. ) | |
| _____ ) | |

On September 28, 2011, the United States of America ("the government") filed a complaint for forfeiture *in rem* against $45,003.66 in funds seized from a South Carolina Bank and Trust account, X333, in the name of Ramdev, LLC ("Defendant Funds"). ECF No. 1. On March 9, 2012, Bharat Patel ("Claimant") filed a verified statement claiming ownership of Defendant Funds. ECF No. 16. On March 29, 2012, Claimant filed a motion to dismiss the complaint for failure to state a claim and for lack of standing. ECF No. 18. On the same day, Claimant also filed a motion for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. ECF No. 19.

The complaint alleges that "[t]he United States Secret Service . . . took custody of the Defendant Funds in Columbia, South Carolina, and deposited them in the United States Customs Suspense Account, located in Washington, D.C." ECF No. 1 at 2. The complaint further alleges that Defendant Funds are subject to forfeiture because they were involved in a violation of 31 U.S.C. § 5324, which prohibits "structuring" transactions in order to evade federal reporting

requirements pertaining to transactions over $10,000. *Id.* at 3-5.

Claimant argues that "the [c]omplaint is insufficient on its face because the agency for whom the United States is acting does not have statutory authority to investigate or seize the monies at issue." ECF No. 18-1 at 4. Relatedly, Claimant argues that the government lacks standing to bring this action because it "is clearly acting on behalf of the United States Secret Service – an agency which does not have standing or lawful authority to investigate or seize monies under Title 31." *Id.* at 5. Finally, Claimant argues that because "[t]he United States Secret Service is without lawful statutory authority to investigate and seize monies for alleged violations under United States Code, Title 31 . . . the monies were seized unlawfully and should be returned to the Claimant immediately." ECF No. 19-4 at 3.

## DISCUSSION

**I.     Motion to Dismiss**

**A.     Standing**

Claimant suggests that the United States of America lacks jurisdiction to enforce federal civil forfeiture statutes because it is "acting on behalf of the United States Secret Service," and the Secret Service lacks statutory authority to investigate violations of Title 31 or seize currency for such violations. The court disagrees. As set forth by the United States Supreme Court in 1819,

> it is a general rule, that any person may seize any property forfeited to the use of the government, either by the municipal law, or by the law of prize, for the purpose of enforcing the forfeiture. And it depends upon the government itself, whether it will act upon the seizure. If it adopts the acts of the party, and proceeds to enforce the forfeiture by legal process, this is a sufficient recognition and confirmation of the seizure, and is of equal validity in law, with an original authority given to the party to make the seizure. The confirmation acts

retroactively, and is equivalent to a command.

The Caledonian, 17 U.S. 100, 103 (1819).

The Court of Appeals for the Fourth Circuit has recognized the rule set forth in The Caledonian. See Harman v. United States, 199 F.2d 34, 37 (4th Cir. 1952) (interpreting The Caledonian as standing for the rule that "that anyone may seize any property for a forfeiture to the Government, and that if the Government adopts the act and proceeds to enforce the forfeiture by legal process, this is of no less validity than when the seizure is by authority originally given"). Claimant's contention is without merit.

### B. Failure to State a Claim

A plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

Whether the Secret Service "ha[s] statutory authority to investigate or seize the monies at issue," ECF No. 18-1 at 4, has no bearing on whether the complaint states a claim to relief that is plausible on its face. The question is whether the facts alleged in the complaint, assumed to be true, show that Defendant Funds were involved in structuring and therefore subject to forfeiture. Although Claimant takes issue with the agency that allegedly seized the funds, he does not address whether a structuring violation has been adequately pleaded. Because Claimant has identified no valid grounds for dismissal, his motion to dismiss is denied.

### II. Rule 41(g) Motion

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). However, Rule 1 provides that the Federal Rules of Criminal Procedure "govern the procedure in all *criminal* proceedings in the United States district courts" and specifies that "civil property forfeiture[s] for violating a federal statute" are not governed by these rules. Fed. R. Crim. P. 1(a)(1) & 1(a)(5)(A). Accordingly, if no criminal proceedings against the movant are pending, a Rule 41(g) motion is treated as an civil action in equity against the United States. *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992); *United States v. Garcia*, 65 F.3d 17, 19 n.2 (4th Cir. 1995).

This equitable remedy is available "only where there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). Furthermore, this jurisdiction should "be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." *Id.* (quotation omitted). "[A] pending administrative or civil forfeiture proceeding affords an adequate remedy at law and thereby justifies dismissal of the Rule 41(g) motion." *Id.*

Because civil forfeiture proceedings have begun, Claimant has an adequate remedy at law to seek return of his property. Accordingly, Claimant's Rule 41(g) motion is denied.

## **CONCLUSION**

Claimant's motion to dismiss and Rule 41(g) motion are denied.

**IT IS SO ORDERED**.

                                              /s/ Margaret B. Seymour
                                              Chief United States District Judge

Columbia, South Carolina

August 21, 2012.